ARNOLD & PORTER KAYE SCHOLER LLP
Sharon D. Mayo (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile:  (415) 471-3400

Attorneys for Defendant PFIZER INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CABANISS, by and through his Guardian Ad Litem, THEODORE CABANISS,<br><br>            Plaintiff,<br><br>    v.<br><br>PFIZER INC.,<br><br>            Defendant. | Case No. **'22CV1242 W    AHG**<br><br>**DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

- 1 -
DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Pfizer Inc. ("Defendant") submits this notice of removal of this action, *Cabaniss ex rel. Cabaniss v. Pfizer Inc.*, No. 37-2022-00021705-CU-PO-CTL, from the Superior Court of California for the County of San Diego – Central Division. As grounds for removal, Defendant states as follows:

## INTRODUCTION

1. There is complete diversity of citizenship between Plaintiff and Defendant. No other defendants have been named, served or joined.

## BACKGROUND

2. On or about June 6, 2022, Plaintiff Thomas Cabaniss, by and through his Guardian ad litem Theodore Cabaniss, filed his Complaint in the Superior Court of California for the County of San Diego – Central Division against Pfizer Inc. in relation to its COVID-19 vaccine. *See* Compl. (**Exhibit 1**).

3. Plaintiff alleges that he received Defendant's COVID-19 vaccine and that, as a result, he developed a blood platelet disorder called immune thrombocytopenia ("ITP"). Specifically, Plaintiff alleges that "soon after" he received Defendant's COVID-19 vaccine, "he developed ITP." *See* Compl. at 3.

4. Plaintiff appears to be alleging a cause of action for products liability[1], and seeks damages of $6,680,000 for wage loss, hospital and medical expenses, general damages, loss of earning capacity, and academic hardship. *See* Compl. at 3.

5. On August 3, 2022, Defendant Pfizer Inc. was served with notice of Plaintiff's complaint. *See* Service of Process Notification (**Exhibit 1**).

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Superior court of the State of California for the

---

[1] Plaintiff used the Judicial Council of California form complaint for personal injury, and checked the box for "medical malpractice."

County of San Diego – Central Division, where the Complaint was filed, is a state court within the Southern District of California.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.   There is Complete Diversity of Citizenship Between Plaintiff and Defendant.**

8. There is complete diversity of citizenship here because Plaintiff is a California citizen, and Defendant is a citizen of a state other than California.

9. Plaintiff alleges that his residence is in Escondido, California, which lies within San Diego County. *See* Application and Order For Appointment of Guardian Ad Litem at 1 (**Exhibit 1**). For diversity purposes, state citizenship requires the individual be domiciled in that state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's "place of residence is prima facie evidence of domicile." *Angelic Cuevas v. Lowes Home Ctrs., LLC*, No. 20-CV-2755, 2020 WL 6439174, at *3 (C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Therefore, Plaintiff is a citizen of California.

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. Pfizer Inc. is, therefore, a citizen of Delaware and New York.

12. Because Plaintiff is a citizen of California and Defendant is a citizen of a state other than California, complete diversity of citizenship exists between Plaintiff and Defendant. *See* U.S.C. § 1332(a).

**II.   The Amount in Controversy Exceeds $75,000.**

13. Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

14. Plaintiff alleges $6,680,000 in damages for wage loss, hospital and medical expenses, general damages, loss of earning capacity, and academic hardship. *See* Compl. at 3. This exceeds $75,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**III.   All Other Removal Requirements Are Satisfied**

15. This Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b). The only Defendant in this action, Pfizer Inc., was served on August 3, 2022.

16. All Defendants consent to removal, as required by 28 U.S.C. § 1446(b).

17. Defendant is providing Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

18. Defendant is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Diego, as required by 28 U.S.C. § 1446(d).

19. Copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Defendants at the time of filing this Notice—are attached as **Exhibit 1**, as required by 28 U.S.C. § 1446(a).

20. By filing this Notice of Removal, Defendant does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question

arises regarding the propriety of the removal to this Court, Defendant requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.

### IV.  Demand for Jury Trial

21.  Defendant hereby demands a jury trial on all claims and issues so triable.

## CONCLUSION

WHEREFORE, Defendant gives notice that the matter bearing Case No. 37-2022-00021705-CU-PO-CTL, pending in the Superior Court of California for the County of San Diego – Central Division, is removed to the United States District Court for the Southern District of California, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  August 23, 2022                         ARNOLD & PORTER KAYE SCHOLER LLP


By: /s/Sharon D. Mayo
Sharon D. Mayo
Attorney for Defendant
PFIZER INC.

# PROOF OF SERVICE

I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

On August 23, 2022 a true and correct copy of the foregoing document entitled **DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** will be served or was served in the manner stated below:

☒ **By Mail (CCP § 1013.a, et seq.):** I enclosed said document(s) in a seal envelope or package to each addressee listed below. I placed said envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. postal service with postage fully prepaid.

| | |
|---|---|
| Thomas Cabaniss by and through his Guardian Ad Litem, Theodore Cabaniss<br>1563 Jonathan St.<br>Vista, CA 92083 | Plaintiff |

☐ **By Electronic Service (E-mail)  (CRC § 2.251(c)(3))**:

☐ I caused the document(s) to be sent to each addressee's email address as set forth below or on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ I caused the document(s) to be served upon the above-interested party(ies) using a court approved electronic filing service provider to the electronic service address.

☒ **By Overnight Delivery (CCP §§ 1013(c)(d), et seq.:** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to the following address(es). I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at our office for pick up by the carrier on the same day.

| | |
|---|---|
| Thomas Cabaniss by and through his Guardian Ad Litem, Theodore Cabaniss<br>1563 Jonathan St.<br>Vista, CA 92083 | Plaintiff |

1  ☐ **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **Federal**  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Dated:  August 23, 2022            Signature:  *Vicky Apodaca*
                                                    Vicky Apodaca