UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.C., minor by and through his Guardian Ad Litem, THEODORE CABANISS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-01242-WQH-AHG<br><br>**ORDER SEALING CERTAIN DOCKET ENTRIES AND REQUIRING PARTIES TO RE-FILE REDACTED VERSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2** |

　　　　This matter comes before the Court upon review of the record. Federal Rule of Civil Procedure 5.2(a)(3) requires any party filing a document with the Court containing the name of an individual known to be a minor to "include only [] the minor's initials" in the filing. Upon review of the record, the Court has determined that both parties to the case repeatedly violated this rule by including minor Plaintiff T.C.'s full name in the case caption and/or by including his first name in the body of certain filings. Rule 5.2(d) provides that the Court may order that a filing be made under seal without redaction, and may order the person who made the filing to file a redacted version for the public record. Fed. R. Civ. P. 5.2(d). Although this case is now closed in this Court and an appeal is pending in the Federal Circuit, the Court finds it necessary to address and rectify the

parties' repeated violations of Rule 5.2 in order to protect the privacy interests of T.C.

Therefore, it is hereby **ORDERED** as follows:

### I.   Docket Entries to be Placed Under Seal by the Clerk of Court

The Clerk of Court is **DIRECTED** to place the following docket entries under seal: **ECF Nos. 1, 2, 4, 9, 10, and 15**.

### II.   Docket Entries to be Redacted and Re-filed by Defense Counsel

Defendant Pfizer, Inc. ("Defendant") included the full name of minor Plaintiff T.C. in the case caption of all of its filings and failed to redact his name where it was included in documents attached to the Notice of Removal. Accordingly, pursuant to Fed. R. Civ. P. 5.2(d), Defendant is **ORDERED** to review every page of its filings at ECF Nos. **1, 2, 4, 9, and 10** and to redact any mention of T.C. that identifies him other than by his initials, including but not limited to his name in the case caption of each document. Defendant is **FURTHER ORDERED** to refile redacted versions of these docket entries no later than **February 3, 2023**.

### III.   Docket Entries to be Redacted or Amended by the Clerk of Court

Due to Plaintiff's *pro se* status and lack of electronic access to the CM/ECF filing system, the Court will instruct the Clerk's Office to redact the filings submitted by Plaintiff identifying T.C. by his first or full name, as follows:

The Clerk of Court is **INSTRUCTED** to place the following redactions on the filings submitted by Plaintiff in violation of Rule 5.2:

(1) **ECF No. 5**: Redactions of T.C.'s first or full name required in:
- ¶ 1, Line 2
- ¶ 2, Line 1
- ¶ 3, Lines 1 and 3
- ¶ 4, Lines 2, 3, 5 (two instances), 7
- ¶ 6, Line 5 (full name)

(2) **ECF No. 7**: Redactions of T.C.'s first or full name required in:
- Page 1, subject line, beginning "Re:" and followed by the case caption

- Page 1, first line of cover letter, beginning "for your consideration…"
- Page 3, second line of letter to District Judge Hayes
- Page 4, case caption of the Declaration of Service (full name)

(3) **ECF No. 13**: Redaction required on Page 4, case caption of the Declaration of Service (full name)

(4) **ECF No. 17**: Redaction required in:

- Page 1, the "Name and Address of Attorney" portion at the top of the page (full name)
- Page 2, first line of the letter noticing the appeal, beginning "I Theodore Cabaniss. . ."

(5) The Clerk of Court is further **DIRECTED** to amend the docket text accompanying docket entries at **ECF Nos. 17, 18, and 19** to delete the full name of minor Plaintiff T.C. and to leave only the name of Plaintiff Theodore Cabaniss.

## IV. Docket Entry Containing T.C.'s Medical Records to Remain Under Seal in its Entirety

The Court will briefly explain why the filing at ECF No. 15, submitted by Plaintiff, is ordered to be placed under seal rather than merely redacted to obscure T.C.'s name. This filing contains nothing but T.C.'s medical records, along with a Declaration of Service indicating that the records were provided to Defendant. T.C.'s medical records are discovery materials, which should not have been filed in the case in the first place. *See* Fed. R. Civ. P. 5(d)(1)(A) (providing that "disclosures under Rule 26(a)(1) or (2) and [] discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing"). *See also Bond v. Utreras*, 585 F.3d 1061, 1076 (7th Cir. 2009) (explaining that the 2000 amendment to Rule 5 of the Federal Rules of Civil Procedure "reversed the longstanding rule generally requiring discovery to be filed with the court").

Notably, filed and unfiled discovery materials are typically treated differently, and filed discovery materials ordinarily carry a presumptive right of public access. *See id.* at 1073 ("[W]hile the public has a presumptive right to access discovery materials that are

filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court"). Here, however, the *pro se* Plaintiff and father of T.C. was not ordered by the Court to file T.C.'s medical records, nor were they used in the proceeding. Therefore, Rule 5(d)(1)(A) dictates that such records **must** not be filed, and the Court finds it appropriate and within its discretion to treat T.C.'s medical records like any other pretrial discovery materials, to which there is no presumptive right of public access. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 n.19 (1984) ("Discovery rarely takes place in public. . . . Jurisdictions that require filing of discovery materials customarily provide that trial courts may order that the material not be filed or that they be filed under seal. . . . Thus, to the extent that courthouse records could serve as a source of public information, access to that source customarily is subject to the control of the trial court.").

Moreover, due to the highly sensitive nature of T.C.'s medical records, the Court finds that merely redacting T.C.'s name would be insufficient to protect his substantial privacy interests in the records, and the entire filing should instead remain under seal. *See e.g.*, *Larsen v. Oregon Dep't of Just.*, No. 6:21-CV-01718-AA, 2021 WL 5826267, at *1 (D. Or. Dec. 6, 2021) (*sua sponte* sealing certain filings by a *pro se* litigant under seal because they contained the identity of the minor plaintiff and included medical records as well as other sensitive materials); *Friedman v. Adams*, No. 213CV1345JCMCWH, 2016 WL 4134519, at *5 (D. Nev. Aug. 1, 2016) (finding that the "need to protect sensitive medical information is a compelling reason to seal records"); *Ramirez v. Burwell*, No. 216CV1511TLNEFBP, 2016 WL 5234613, at *4 (E.D. Cal. Sept. 22, 2016) (sealing exhibits containing a minor plaintiff's medical records on the basis that "[a]ny interest the public may have in the disclosure of these records in this case is outweighed by [the minor plaintiff's] interest in the privacy of his medical records, psychiatric records, and behavioral history").

\\
\\

## V. CONCLUSION

For the reasons explained above, the Court **ORDERS** the unredacted versions of ECF Nos. 1, 2, 4, 9, and 10 to be placed **UNDER SEAL**. Defendant is **ORDERED** to re-file redacted versions of these filings in compliance with Rule 5.2 by **February 3, 2023**.

It is **FURTHER ORDERED** that ECF No. 15 shall be placed **UNDER SEAL** indefinitely. No redactions should be applied by the Clerk of Court, and no redacted version of this filing should be submitted by either party.

Finally, the Clerk of Court is **ORDERED** to redact the filings docketed at ECF Nos. 5, 7, 13, and 17, and to alter the docket text of ECF Nos. 17, 18, and 19, in accordance with the detailed instructions set forth in Section III above.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge